IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RODRICK D. REESE,** ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-00447-KD-MU |
| ) | |
| **WALMART STORES EAST, LP,** ) | |
|    Defendant. ) | |

## ORDER

This action is before the Court on the Amended Complaint, filed by Plaintiff Rodrick D. Reese ("Reese"). Upon consideration, and for the reasons below, the Amended Complaint is construed as a motion for leave to amend, and Defendant Walmart Stores East, LP ("Walmart") is ordered to respond to the motion for leave to amend **on or before January 9, 2026**.

### I.    Background

On September 18, 2025, Reese filed a *pro se* complaint against Walmart Stores, Inc. in the Circuit Court of Mobile County. (Doc. 1-3 at 8). Defendant Walmart Stores East, LP ("Walmart") removed the action to federal court on November 7, 2025. (Doc. 1). Walmart's removal explained that Reese incorrectly named the defendant as Walmart Stores, Inc. (Doc. 1 at 1). Seven days later, Walmart filed a motion to dismiss the complaint. (Doc. 5).

In support of its motion to dismiss, Walmart explained that Reese's complaint is a narrative chronicle of events and conclusory allegations that does not name any statute or law violated. (Doc. 6 at 3). Walmart argued that the complaint must be dismissed because it is a shotgun pleading, or in the alternative, Reese must file a more definite statement of his claims. (Id. at 8). Walmart also argued that any race discrimination claim and wrongful termination must be dismissed because Reese failed to plead sufficient allegations. (Id. at 11–16).

1

Reese was ordered to file a response to the motion to dismiss on or before December 5, 2025. (Doc. 7). On December 5, 2025, Reese filed a motion for an extension of time to respond. (Doc. 10). Reese explained that he was arrested on November 4, 2025, due to poor legal representation and that he was released from custody on December 4, 2025. (Id. at 1). The Court granted Reese's motion for an extension of time to respond and ordered Reese to respond on or before December 22, 2025. (Doc. 11).

On December 22, 2025, Reese filed an amended complaint, a response to the motion to dismiss, and a response to Walmart's brief in support to its motion to dismiss. (Docs. 12–14). In Reese's response to the motion to dismiss, Reese explained that he "revised his complaint to clarify the factual allegations, correct the identification of the Defendant, and provide a more detailed and coherent account of the events, giving rise to his claims." (Doc. 13 at 2).

**II.    Law**

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Rule 15(a) governs the amendments of pleadings:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). After the window to amend as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id. Under this standard, courts should "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767

F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

### III.    Analysis

Reese filed an amended complaint more than 21 days after service of Walmart's motion to dismiss under Rule 12(b). Therefore, Reese missed the window to amend as a matter of course. However, "an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought and when it does not appear that any of the parties will be prejudiced by allowing the change." 6 Wright & Miller's Federal Practice & Procedure § 1484 (3d ed. 2025).

Here, Reese's response to the motion to dismiss—which was filed the same day as the amended complaint—explains that Reese's amended complaint attempts "to clarify the factual allegations, correct the identification of the Defendant, and provide a more detailed and coherent account of the events, giving rise to his claims." (Doc. 13 at 2). A review of the amended complaint shows that it does, indeed, provide greater clarity on Reese's claims. Given the liberal amendment policy articulated by Rule 15(a)(2), it appears that the Court would have granted leave for Reese to amend his complaint had it been sought through a motion.

Instead of striking the amended complaint or deeming it as proper, the Court will construe it as a motion for leave to amend. This is likely "to secure the just, speedy, and inexpensive determination of [this] action." Fed. R. Civ. P. 1. Accordingly, Walmart is **ORDERED** to respond to Reese's motion for leave to amend his complaint **on or before January 9, 2026**.[1]

**DONE** and **ORDERED** this **5th** day of **January 2026.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Walmart's motion for an enlargement of time to respond to Reese's amended complaint, (Doc. 17), is **MOOT**, and the deadline for Walmart to reply to Reese's responses is **STAYED**.