IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RODRICK D. REESE,         ) | |
|    Plaintiff,         ) | |
|                           ) | |
| v.                        ) | Civil Action No. 25-00447-KD-MU |
|                           ) | |
| WALMART STORES EAST, LP,  ) | |
|    Defendant.        ) | |

**ORDER**

This action is before the Court on the Amended Complaint, filed by Plaintiff Rodrick D. Reese ("Reese"), which the Court construed as a motion for leave to file an amended complaint. (Docs 12, 18). Upon consideration, and for the reasons below, the motion is **GRANTED**, and Reese is **ORDERED** to file a second amended complaint that complies with this order **on or before March 30, 2026**.

    **I.**    **Background**

On September 18, 2025, Reese filed a pro se complaint against Walmart Stores, Inc. in the Circuit Court of Mobile County. (Doc. 1-3 at 8). Defendant Walmart Stores East, LP ("Walmart") removed the action to federal court on November 7, 2025. (Doc. 1). Walmart's removal explained that Reese incorrectly named the defendant as Walmart Stores, Inc. (Doc. 1 at 1). Seven days later, Walmart filed a motion to dismiss the complaint. (Doc. 5).

In support of its motion to dismiss, Walmart explained that Reese's complaint is a narrative chronicle of events and conclusory allegations that does not name any statute or law violated. (Doc. 6 at 3). Walmart argued that the complaint must be dismissed because it is a shotgun pleading, or in the alternative, Reese must file a more definite statement of his claims. (Id. at 8). Walmart also argued that any race discrimination claim and wrongful termination must be dismissed because

1

Reese failed to plead sufficient allegations. (Id. at 11–16).

Reese was ordered to file a response to the motion to dismiss on or before December 5, 2025. (Doc. 7). On December 5, 2025, Reese filed a motion for an extension of time to respond. (Doc. 10). Reese explained that he was arrested on November 4, 2025, due to poor legal representation and that he was released from custody on December 4, 2025. (Id. at 1). The Court granted Reese's motion for an extension of time to respond and ordered Reese to respond on or before December 22, 2025. (Doc. 11).

On December 22, 2025, Reese filed an amended complaint, a response to the motion to dismiss, and a response to Walmart's brief in support to its motion to dismiss. (Docs. 12–14). In Reese's response to the motion to dismiss, Reese explained that he "revised his complaint to clarify the factual allegations, correct the identification of the Defendant, and provide a more detailed and coherent account of the events, giving rise to his claims." (Doc. 13 at 2). The proposed amended complaint clarifies that the nature of the action is for employment practices in violation of Title VII including race discrimination and unlawful retaliation. (Doc. 12 at 1).

On January 5, 2026, the Court construed the Amended Complaint as a motion for leave to amend. (Doc. 18). On January 9, 2026, Walmart responded in opposition to the construed motion. (Doc. 20). On January 29, 2026, Reese filed a reply. (Doc. 22).

**II.     Law**

The Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. "Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Rule 15(a) governs the amendments of pleadings:

> A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). After the window to amend as a matter of course has passed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Id.

Under this standard, courts should "liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). "Nevertheless, a motion for leave to amend may appropriately be denied '(1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.'" Id. at 1108–09 (quoting Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001)). The district court has discretion when determining whether to grant or deny a motion for leave to amend. See, e.g., Foman, 371 U.S. at 182.

### III. Analysis

Walmart acknowledges that Reese's proposed amended complaint "improved the narrative run-on nature of the original Complaint." (Doc. 20 at 2). However, Walmart notes that the proposed amended complaint "did not include separate counts for each claim or demonstrate which factual allegations support which claims." (Id.). Further, Walmart argues that the motion to amend the complaint should be denied based on the prejudice and futility exceptions.

**1. Walmart has not shown that amendment would cause undue prejudice.**

The first issue for the Court to determine is whether allowing the amendment would cause undue prejudice to Walmart. "Courts often state that prejudice is the most important of the Foman factors." 1 Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary § 15:31

3

(2025); 6 Wright & Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2025) ("Perhaps the most important factor listed by the Court for denying leave to amend is that the opposing party will be prejudiced . . . ."). "Historically, prejudice under Federal Rule of Civil Procedure 15(a) has been equated with lost opportunity. The court looks for evidence that the other side could have—and would have—done things differently if the new matter had been included in the earlier pleading." Gensler, supra at § 15:31. Walmart argues that the amendment is prejudicial because a comparison of the original and the amended complaint "suggest[s] [Reese] is manipulating the facts in an attempt to survive a motion to dismiss, rather than the permissible purpose of more carefully drafting the complaint." (Doc. 20 at 4). This argument does not show evidence that Walmart would be prejudiced by the amendment. In fact, "Plaintiffs often decide to amend in response to deficiencies pointed out by the motion to dismiss." Gensler, supra at § 15:41. Moreover, an amendment is less likely to be prejudicial when it comes earlier in the proceedings. See Gensler, supra at § 15:31. Here, the "case remains in its early stages." (Doc. 22 at 4). Thus, allowing the amendment would not cause prejudice to Walmart.

> **2. The proposed amended complaint suffers from deficiencies, but Walmart has not shown that amendment would be futile.**

The next issue is whether the proposed amendment would be futile. "Futility justifies the denial of leave to amend where the complaint, as amended, would still be subject to dismissal." Patel v. Georgia Dep't BHDD, 485 F. App'x 982, 982 (11th Cir. 2012). Walmart argues that the proposed amendment would be futile because it does not plead a plausible Title VII race discrimination or retaliation claim. Specifically, Walmart argues that the proposed amended complaint "includes *no allegations* that could plausibly show Walmart's decision to terminate [Reese's] employment was motivated by race." (Doc. 20 at 11). Walmart argues that Reese alleges only conclusory allegations that he complained of race discrimination. And Walmart argues that

4

Reese fails to offer any facts to plausibly establish that his termination was casually connected to any protected activity. In reply, Reese argues that Walmart fails to establish futility because the allegations in the proposed amended complaint are sufficient to state plausible claims of discrimination and retaliation. (Doc. 22 at 4).

A review of the proposed amended complaint shows technical and substantive deficiencies. Technically, the proposed amended complaint lacks clarity. Federal Rule of Civil Procedure 10(b) provides:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. *If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense*

Fed. R. Civ. P. 10(b). In other words, a plaintiff is technically required to put claims in separate counts if doing so would promote clarity. Although the proposed amended complaint "improved the narrative run-on nature of the original Complaint by using separately numbered paragraphs, . . . it did not include separate counts for each claim or demonstrate which factual allegations support which claims." (Doc. 20 at 2). Here, "the clarity of the complaint would be advanced by listing the different causes of action as separate counts." Gensler, supra at § 10:14 (2025). Therefore, the complaint is likely deficient under Rule 10(b).

Substantively, the proposed amended complaint does not mention Reese's race or include the race of the decisionmaker or any comparator. Walmart's response points this out and cites to caselaw in support of its argument that the proposed amended complaint fails to state a claim for race discrimination. (Doc. 20 at 11). For example, in Lawrence v. Oakwood NBI Ctr. for Living, No. CV 19-00099-KD-B, 2019 WL 5586540, at *2 (S.D. Ala. Oct. 3, 2019), report and recommendation adopted in part, rejected in part, No. CV 1:19-00099-KD-B, 2019 WL 5580237

(S.D. Ala. Oct. 29, 2019), the magistrate judge recommended that a plaintiff's race-discrimination claim be dismissed because the plaintiff did "not identified her race, let alone alleged any facts that, if proven, would suggest that her termination/demotion was related to her race." Id. It is important to note, however, that this recommendation was only adopted in part. The district court adopted the reasoning regarding the insufficiency of the allegations but denied the motion to dismiss and granted the plaintiff leave to file an amended complaint that cured the deficiencies specified in the report and recommendation. Lawrence v. Oakwood NBI Ctr. for Living, No. CV 1:19-00099-KD-B, 2019 WL 5580237, at *1 (S.D. Ala. Oct. 29, 2019).

Another substantive deficiency of the proposed amended complaint is that it relies largely on allegations that are not race-related, and the allegation that does mention race is conclusory. For example, Reese "believed he was being unfairly targeted despite complying with company policy" and "documented his concerns . . . expressing that management was treating his employment unjustly." (Doc. 12 at 4). But the allegations in the proposed amended complaint only contain one mention of the word "race." (Doc. 12 at 6). In this allegation, Reese alleges that he informed a Walmart representative that his supervisor William Johnson "appeared to treat [Reese] differently than other employees, and that [Reese] believed such treatment was based on race." (Doc. 12 at 6). In short, the only allegation of *race-based* discrimination appears to be based on Reese's own speculation, which may be insufficient to state a claim of discrimination and retaliation. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level.").

Although the proposed amended complaint suffers from deficiencies, it is not clear that amendment would be futile. To begin, the technical deficiencies *might* not warrant the dismissal of the proposed amended complaint. "Many courts will overlook rambling paragraphs or the

6

absence of numbering and accept the pleading if the complaint can still fairly be understood." Gensler, supra at § 10:13. Moreover, the substantive deficiencies *might* not warrant dismissal.

"To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" Surtain v. Hamlin Terrace Found., 789 F.3d 1239, 1246 (11th Cir. 2015) (quoting Davis v. Coca–Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008)). "To state a claim for retaliation, an employee must allege sufficient facts to plausibly suggest that: "(1) he engaged in a statutorily protected activity; (2) he suffered an adverse employment decision; and (3) that the decision was causally related to the protected activity." Id. at 1247 (quoting Strickland v. Water Works and Sewer Bd. of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001)). Here, the proposed amended complaint relies largely on conclusory allegations and does not mention Reese's race. However, Reese is Black; Reese makes one specific, race-based allegation; and Reese makes several general allegations of discriminatory and retaliatory behavior.[1] Taken as true, the allegations *might* be enough to suggest intentional race discrimination and retaliation under Title VII.[2]

---

[1] These include the following allegations: (1) Reese and "Mr. Brown discussed their shared concerns regarding discriminatory and retaliatory treatment in the workplace;" (2) following an interaction where Reese was informed that he would be disciplined for tardiness, Reese "believed he was being unfairly targeted despite complying with company policy" and "documented his concerns in a written note on his downtime documentation, expressing that management was treating his employment unjustly;" (3) around February 10, 2025, Reese "began documenting and collecting information related to what he perceived to be ongoing targeting and discriminatory treatment;" (4) management confronted Reese about the note, and Reese "stated that he believed that he was being unfairly targeted; (5) Reese reported to a Walmart representative that he had been threatened unjustly and that "he believed such treatment was based on race;" (6) around April 23, 2025, Reese was terminated. (Doc. 12 at 3–5, 11).

[2] The Court is not expressly determining that the proposed amended complaint would survive a motion to dismiss. On this note, the Court did not already determine that amendment was appropriate. The Court stated: "Given the liberal amendment policy articulated by Rule 15(a)(2), *it appears* that the Court would have granted leave for Reese to amend his complaint had it been sought through a motion." (Doc. 18 at 3) (emphasis added). This determination was made based on the belief that accepting the amended complaint would be the sensible path. "Unless there is

7

The Eleventh Circuit has "held that where '[m]ore specific allegations . . . would have remedied the pleading problems found by the district court,' the court was required to give a pro se plaintiff the opportunity to amend his complaint." Woldeab v. Dekalb Cnty. Bd. of Educ., 885 F.3d 1289, 1292 (11th Cir. 2018) (quoting Thomas v. Town of Davie, 847 F.2d 771, 773 (11th Cir. 1988)). For example, in Woldeab, the Eleventh Circuit vacated the dismissal of a pro se plaintiff's complaint and remanded the case with instructions to give the plaintiff an opportunity to file an amended complaint. Id. The Eleventh Circuit reasoned that the pro se plaintiff's "complaint does not fit into the futility exception" because "a more carefully drafted complaint, which includes more specific allegations against the correct defendant, *might* state a Title VII claim." Id. Here, Reese is proceeding pro se, and a more carefully drafted complaint *might* state a Title VII claim. Therefore, Walmart has not shown that the futility exception applies, and the Court is required to give Reese the opportunity to amend his complaint.

**3. The Court grants Reese leave to amend his complaint to address the deficiencies noted in this order.**

At this stage, the Court could simply accept the proposed amended complaint and allow Walmart to move to dismiss under Rule 12(b)(6). In fact, Walmart has indicated that it would file a motion to dismiss if Reese were granted leave to file the proposed amended complaint. (Doc. 20 at 2). However, the Court is required to administer the Federal Rules of Civil Procedure "to secure best path the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, the Court grants Reese leave to file a second amended complaint to address the deficiencies noted in this order.

---

some reason to deny leave unrelated to the merits, [such as undue delay or prejudice,] the sensible path is to grant leave, accept the amended complaint, and then scrutinize the sufficiency of it instead of the superseded complaint." Gensler, supra at 15:41 (footnote omitted). However, Walmart choose to oppose the motion and raised issues of prejudice and futility.

To comply with this order, Reese's second amended complaint must (1) state each claim (race discrimination and retaliation) in a separate count and (2) provide enough factual matter (taken as true) to suggest intentional race discrimination and/or retaliation. Specifically, Reese's second amended complaint should identify his race and the race of the people who allegedly discriminated or retaliated against him, and Reese should not rely on conclusory allegations or speculation. *Reese is advised that failure to file a conforming second amended complaint will subject his complaint to potential dismissal, and his ability to make further amendments may be limited by another* <u>Foman</u> *factor: repeated failure to cure deficiencies by amendments previously allowed.*

### IV.   Conclusion

The Court must freely give leave to amend when justice so requires. The Court may deny leave to amend for reasons such as prejudice and futility. Walmart has not shown that it would be prejudiced by Reese's amendment of his complaint, and Walmart has not shown that the futility exception applies. Walmart has, however, shown technical and substantive deficiencies in the proposed amended complaint. Because Reese is proceeding pro se, he will be given the opportunity to amend his complaint to address these deficiencies.

It is **ORDERED** as follows:

- Reese's motion for leave to amend his complaint, (Doc. 12), is **GRANTED**.

- The motion to dismiss the original complaint is **MOOT**. (Doc. 5).

- Reese is **ORDERED** to file a second amended complaint that addresses the deficiencies in this order **on or before March 30, 2026**.

**DONE** and **ORDERED** this **9th** day of **March 2026.**

　　　　　　　　　　　　　　　　　　 /s/ Kristi K. DuBose
　　　　　　　　　　　　　　　　　　**KRISTI K. DuBOSE**
　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**